IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 2, 2005

### IN RE M.J.M., JR., L.P.M., & C.A.O.M.

## Appeal from the Juvenile Court for White County
No. JU 1839     Sam Benningfield, Judge

---

## No. M2004-02377-COA-R3-PT - Filed April 14, 2005

---

WILLIAM B. CAIN, J., concurring.

I continue to disagree with the standard of review employed by the Court in this case for reasons discussed at length in *In Re Z.J.S.* No. 2002-02235-COA-R3-JV, 2003 WL 21266854 at *18-22 (Tenn.Ct.App.June 3, 2003) (no Tennessee Rule of Appellate Procedure 11 application filed) and *Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 533-37 (Tenn.Ct.App.2001). A preponderance of the evidence standard is inconsistent and irreconcilable with a clear and convincing evidence standard either in the trial court or on appeal.

I concur with the result in this case even under my view of the clear and convincing evidence standard. This case presents a troubling example of what has appeared in a number of previous cases. The Permanency Plan was ordered on May 30, 2003. The Petition to Terminate Parental Rights was filed November 21, 2003. After the filing of the Petition to Terminate Parental Rights, the Department paid scant attention to D.M. even though the Permanency Plan by its very terms envisioned a completion date of May 22, 2004. The Court correctly holds that the unilateral decision of the Department as to the timing of the filing of a Petition to Terminate Parental Rights does not discharge the Department from continuing to help the parent to meet the goals of the Permanency Plan. The "too-little, too-late" concept should not be determined as of the date of the filing of the Petition to Terminate without regard to either the termination of the Permanency Plan or developments that occur between the filing of the Petition to Terminate and the hearing on the merits of the Petition.

Given the fact that D.M. suffers from a powerful addiction, it may well be that she will never be able to free herself from it, but the record discloses a determined effort on her part to try. It is simply to early to say "too little, too late."

I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE